IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JAMES SMITH, *individually and on behalf of others similarly situated*, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) No. 22-04115-CV-C-BP |
| | ) |
| SCOTTSDALE INSURANCE CO., *et al.*, | )<br>) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO REMAND
## FOR LACK OF JURISDICTION

Defendant Scottsdale Insurance Company ("Scottsdale") removed this case to federal court, alleging jurisdiction exists pursuant to the Class Action Fairness Act, ("CAFA"), 28 U.S.C. § 1332(d). (Doc. 1.) Pending is a Motion to Remand filed jointly by Plaintiff James Smith and Defendant American Detective Services, Inc. (collectively, "Movants"). The Court has considered the parties' arguments and agrees with Movants that jurisdiction is lacking. Accordingly, the Motion to Remand, (Doc. 11), is **GRANTED**.

## I. BACKGROUND

According to the Complaint,[1] Smith filed suit in state court against American Detective Services ("ADS"), asserting claims on behalf of a putative class under the Fair Credit Reporting Act. (Doc. 1-2, ¶¶ 7-8.) Scottsdale is ADS's "primary insurance carrier" and has issued a policy bearing the number CPS3062449, ("Policy 2499"), which was effective from June 1, 2018, to June 1, 2019. (Doc. 1-2, ¶¶ 10-12.) The coverage limit for Policy 2499 is $1 million. (Doc. 1-2, ¶ 13.) ADS asked Scottsdale to lift its reservation of rights and defend ADS unconditionally, but

---

[1] With the case now in federal court, the Court will utilize federal nomenclature.

Scottsdale allegedly did not respond. (Doc. 1-2, ¶¶ 16-17.) ADS then allegedly rejected Scottsdale's conditional defense and entered an agreement with Smith to arbitrate Smith's (and the classes') claims. (Doc. 1-2, ¶¶ 18-19.) In April 2022, the arbitrator issued an award in favor of Smith and the classes, granting a total of more than $27 million in statutory damages, $27 million in punitive damages, and "post-award interest in the amount of 9% from the date of this award." (Doc. 1-5, p. 16.) A state trial court confirmed the award, (Doc. 1-2, ¶ 24), and that decision is on appeal.

In June 2022, Smith filed this case in state court, seeking to garnish Policy 2449. (Doc. 1-2.) In several instances Smith specifies that he seeks, on behalf of himself and the class, to recover Policy 2449's limit of coverage, which as stated earlier is $1 million. (*E.g.*, Doc. 1-2, ¶¶ 5, 54.)

Scottsdale removed this case to federal court in July 2022. (Doc. 1.) In asserting a basis for this Court's jurisdiction (as required by 28 U.S.C. § 1446(a)), the Notice of Removal asserts more than $5 million is in controversy because Scottsdale issued four additional policies (each with $1 million coverage limits) covering the periods from 2015-16, 2016-17, 2017-18, and 2019-20, and the combined limits on these, policies, when added to post-judgment interest awarded by the arbitrator, exceeds $5 million. (Doc. 1, ¶ 5.) Movants argue only Policy 2449 is at issue in this case and interest is not considered when determining the amount in controversy. The Court resolves the parties' arguments below.

## II. DISCUSSION

A Notice of Removal must contain "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), which includes identification of the basis for the Court's jurisdiction. This is consistent with the general requirement that the proponent of federal jurisdiction must demonstrate that it exists. *E.g., Moore v. Kansas City Pub. Schs.,* 828 F.3d 687,

692 (8th Cir. 2016). And, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As discussed more fully below, the Court concludes that Defendant has not demonstrated federal jurisdiction exists.

CAFA provides for federal jurisdiction over a class action if the amount in controversy in the aggregate exceeds $5 million, at least one member of the plaintiff class is a citizen of a different state than any defendant, and there are more than 100 members of the class. 28 U.S.C. § 1332(d)(2), (d)(5)(B). The issue in this case is whether more than $5 million is in controversy. The party invoking federal jurisdiction (here, Scottsdale) must demonstrate the requisite amount in controversy by a preponderance of the evidence. *E.g.*, *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also Grawitch v. Charter Communications, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014).

The Eighth Circuit has simplified the analysis, stating a "district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than" the jurisdictional requirement. *Kopp*, 280 F.3d at 885. Thus, as the party invoking this Court's jurisdiction, Scottsdale need only demonstrate that a jury *could* award more than $5 million. To support its argument for remand, Movants must establish that a jury *could not* legally award more than $5 million. *E.g., Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017).

Significantly, "[t]he enactment of CAFA did not alter the proposition that the plaintiff is the master of the complaint." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Here,

3

Smith's Complaint clearly establishes the object of this suit is to obtain the policy limits for Policy 2449, and there is no dispute that the limit is $1 million.[2] It is legally impossible for Smith to obtain a judgment exceeding $5 million.

Scottsdale does not disagree with the analysis to this point, but contends it is incomplete. It argues the Court must consider the other four policies because the underlying judgment is for more than $5 million and "a factfinder could 'legally conclude that the underlying judgment applies to all five policy periods totaling $5 million." (Doc. 16, p. 10.)[3] This contention would be correct only if Smith sued over all five policies – but he has not. His suit is limited to Policy 2449, making it impossible for a factfinder in this case to conclude anything about any other policies, much less to award anything over Policy 2449's limits. The Court cannot construe Smith's Complaint as having sought recovery on all five policies when it clearly does not. This conclusion is not altered by the possibility that rulings in this case might have future implications for Scottsdale on the other policies; the fact remains that the most Smith can recover in *this* suit will not exceed $5 million.

In this regard the Court reiterates: a plaintiff is master of the Complaint. A plaintiff can opt to bring only certain claims in order to defeat federal jurisdiction, in which case the federal court cannot insert the un-asserted claims to create jurisdiction where it does not exist.[4] A plaintiff can define his class in a manner that deprives a court of jurisdiction under CAFA. *See, e.g., Hood*

---

[2] This is not a case in which a plaintiff has sought to enter a binding declaration limiting the class's recovery, which would not be permitted. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592-94 (2013). This is also not a situation in which a plaintiff has violated a state pleading rule precluding him from stating the amount he seeks, so the Court need not consider cases addressing that situation. *See Bell*, 557 F.3d at 956-58.

[3] All page numbers are those generated by the Court's CM/ECF system.

[4] Therefore, there is no reason to consider Smith's explanation as to why this suit is limited to Policy 2449, (*e.g.*, Doc. 12, p. 8), or Scottsdale's responses and explanations as to why Smith should have included claims on the other policies, (*e.g.*, Doc. 16, pp. 11-12.)

*v. Gilster-Mary Lee Corp.,* 785 F.3d 263, 266 (8th Cir. 2015) (indicating the plaintiff could define the class as consisting of only "local citizens"); *Hargis v. Access Capital Funding, LLC,* 674 F.3d 783, 790 (8th Cir. 2012) (recognizing the plaintiff "could have restricted her putative class in her original complaint" but did not). And critically, "CAFA does not expressly contemplate aggregating the amounts sought in separate class actions [and] we think Congress would have . . . outlined how courts should aggregate between class actions had it intended for courts to do so." *See Marple v. T-Mobile Central LLC,* 639 F.3d 1109, 1110 (8th Cir. 2011) (per curiam). Here, there are not even other suits to aggregate; there are only unasserted claims. The Court cannot pretend unasserted claims are in the case, or declare unasserted claims should be in the case, for the purpose of increasing the amount in controversy.[5]

### III. CONCLUSION

The Court lacks jurisdiction in this matter. Therefore, the Motion to Remand, Doc. 11), is **GRANTED** and this case is remanded to Circuit Court of Cole County.

**IT IS SO ORDERED.**

Date: <u>October 3, 2022</u>

<u>/s/ Beth Phillips</u>
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5] Given the Court's conclusion, there is no need to consider Scottsdale's argument that "post-award" interest is part of the amount in controversy because it is amenable to garnishment in this proceeding. Even if Scottsdale is correct, only the interest that accrued from the time of the award to the date the garnishment proceeding was filed (or removed) would be considered. *E.g., Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) ("It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal."); *GreatAmerica Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 387 F. Supp. 2d 992, 996 (N.D. Iowa 2005) (applying rule to determine the amount of interest to include in the amount in controversy). The award was issued on April 4, 2022, the garnishment action was filed on June 7, and the case was removed on July 29. The interest that accrued on the total award between April 4 and July 29 would be a little more than $1.5 million – not enough to make the amount in controversy exceed $5 million.